# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MADRID,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　　　　　Respondent. | Civil No.　16cv0728-BTM (MDD)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is subject to dismissal without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to use a court-approved petition form, failed to name a proper Respondent, and failed to allege exhaustion of state court remedies.

## FILING FEE REQUIREMENT

　　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than May 31, 2016,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

## FAILURE TO USE PROPER FORM

A Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Petitioner has submitted his application for writ of habeas corpus (ECF No. 1 at 9-15) attached to a court-approved form which he has left blank other than the first page. (Id. at 1-8.) In order to proceed with this matter, Petitioner must file a First Amended Petition using a court-approved form.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Petitioner has incorrectly named "People of California," as Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The

1  actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley</u>
2  <u>v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a
3  writ of habeas corpus acts upon the custodian of the state prisoner, the person who will
4  produce "the body" if directed to do so by the Court. "Both the warden of a California
5  prison and the Director of Corrections for California have the power to produce the
6  prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

7  In order for this Court to entertain the Petition filed in this action, Petitioner must
8  name the warden in charge of the state correctional facility in which Petitioner is
9  presently confined or the Director of the California Department of Corrections and
10 Rehabilitation. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per
11 curiam).

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

13 Finally, habeas petitioners who wish to challenge either their state court conviction
14 or the length of their confinement in state prison, must first exhaust state judicial
15 remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).
16 To exhaust state judicial remedies, a California state prisoner must present the California
17 Supreme Court with a fair opportunity to rule on the merits of every issue raised in his
18 or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.
19 Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state</u>
20 <u>court</u>, how one or more of his or her federal rights have been violated. The Supreme
21 Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given
22 the opportunity to correct alleged violations of prisoners' federal rights, they must surely
23 be alerted to the fact that the prisoners are asserting claims <u>under the United States</u>
24 <u>Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner
25 wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due</u>
26 <u>process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not
27 only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).
28 / / /

Here, Petitioner has not indicated that he has exhausted state judicial remedies. Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

///

## CONCLUSION AND ORDER

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement, has not used a court-approved petition form, has not named a proper Respondent, and has not alleged exhaustion of state court remedies.

Based on the foregoing, the Court **DISMISSES** this action without prejudice. To have this case reopened, Petitioner must either pay the filing fee or file an application to proceed in forma pauperis **and** file a First Amended Petition which cures the defects of pleading identified above no later than **May 31, 2016**. The Clerk of Court shall send Petitioner a blank Southern District of California First Amended Petition form and a blank Southern District of California in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:** April 5, 2016

　　　　　　　　　　　　　　　　　　　　　　　_____
**BARRY TED MOSKOWITZ, Chief Judge**
**United States District Court**

CC: 　　ALL PARTIES